JOURNAL ENTRY AND OPINION
This is an appeal from a jury verdict of guilty following a trial before Judge Daniel Gaul. Antonio Johnson claims it was error to deny his motion for judgment of acquittal because the evidence that he intended to kill or harm Romanial Satchel was insufficient and, further, that the jury's verdict was against the manifest weight of the evidence because the State's witnesses were not credible. We disagree and affirm.
The record reveals the following: On June 19, 1998, Romanial Satchel, then twenty-one years of age, went from his home in East Cleveland to visit his cousin, Lavall Orr, who lived near West 80th Street and Detroit Avenue in Cleveland. In front of a convenience store at West 80th and Detroit, Satchel and Orr met Janine Jontony, then seventeen years old, Tracy Antos, then sixteen years old, and Sheena Lavoie, then fifteen years old. Although none of the girls had met Satchel before, they all engaged in conversation and he decided to accompany the girls to Herman Park near West 59th and Detroit.
Near West 65th Street, the four met Antonio Johnson, also known as Oreo, then seventeen years old, and James Moore, then age thirteen or fourteen years, who was riding a bicycle. Although Satchel and Johnson had never met, Satchel approached Johnson and said something to the effect that What the* * * * are you doing on my corner, or Get the* * * * off my block. Although there was some indication that Satchel may have been joking, at least one of the girls testified that he screamed the statement in Johnson's face. It appears Johnson did not find the statement amusing.
The four continued toward the park but again met Johnson and Moore, this time near West 61st Street. Although there is some dispute over who instigated the confrontation here, it appears that Satchel, Johnson, and Moore traded threats, and that Johnson or Moore displayed a handgun before both Johnson and Moore left, either of their own accord or because a local resident requested that they take the dispute elsewhere.
Shortly after arriving at Herman Park, Satchel and the three girls were approached by Johnson, Moore and five other boys or young men. Johnson had a gun in his hand, and struck Satchel twice in the face with it. As Satchel fell to the ground, Johnson and the other members of his party beat and kicked him. Despite the severe beating, Satchel was able to struggle to his feet and began to run away. Johnson yelled after Satchel, Don't run from me and others in his group encouraged shooting. As Satchel continued his escape, Johnson raised his gun and fired. The bullet entered the back of Satchel's head and he died approximately ninety to one hundred feet from where the beating began.
The following day, Johnson turned himself in to the police. On June 23, 1998, three complaints were filed against Johnson in the Cuyahoga County Common Pleas Court, Juvenile Division, alleging conduct that would constitute aggravated murder, and felonious assault with a firearm specification. Following a hearing before Juvenile Court Judge Robert Ferreri, the matter was transferred to the General Division of the Common Pleas Court and on November 19, 1998, Johnson was indicted for aggravated murder, R.C. 2903.01, and a second count of felonious assault, R.C.2903.11, each with a firearm specification, R.C. 2941.145.
Although originally assigned to the docket of Judge Nancy Margaret Russo, Johnson's two co-defendants had been indicted earlier and the State requested that Johnson's case be transferred so that all three defendants could be tried together. The motion was granted and the case was transferred to the docket of Judge Gaul on December 7, 1998.
At trial the State presented, inter alia, the eyewitness testimony of Misses Jontony, Antos, and Lavoie, in support of its case. Johnson's lawyer attempted to impeach the credibility of these witnesses, especially Ms. Jontony, by showing that she had a bias because of a prior bad relationship with Johnson. The assistant county coroner testified as to the cause of death and that Satchel sustained twenty-eight distinct injuries. After the State's case-in-chief, Johnson's lawyer moved for judgment of acquittal on the aggravated murder charge. The judge denied the motion.
Johnson testified at trial and did not dispute the basic sequence of events, but claimed that Satchel initiated the situation, including the Herman Park confrontation where he claimed Satchel, accompanied by two other men, stared at him and again told him to get off his block. He stated that one of his friends handed him a gun just before Satchel confronted him and that, only when Satchel charged at him, did he strike him with the gun. Johnson contended that Satchel's male companions then disappeared and he admitted that the fight culminated in Satchel being beaten by his friends. While he agreed he raised his gun when Satchel began to run away, he denied any intention of firing the gun at Satchel, but instead was going to fire a shot into the air. Johnson testified that when he pulled back the slide mechanism to ready the gun for firing, it discharged immediately and accidentally. Because he threw the gun into the lake before turning himself in, the weapon could not be tested for defects.
The jury acquitted Johnson of the aggravated murder charge, but convicted him of the lesser included offense of murder, R.C. 2903.02. The jury also convicted Johnson of the felonious assault charge in count two, and the firearm specification associated with both counts. He was sentenced to a mandatory three-year term of imprisonment on the firearm specification prior to and consecutive with the mandatory indefinite term of fifteen years to life on the murder conviction to be served concurrently with an eight-year sentence for the felonious assault conviction. Johnson appeals his convictions on both the murder and felonious assault counts.
The first assignment of error states:
 I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS THERE WAS INSUFFICIENT EVIDENCE ON THE ESSENTIAL ELEMENTS OF THE CRIMES CHARGED.
When a reviewing court addresses an assignment of error regarding the sufficiency of the evidence, [t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; accord Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,61 L.Ed.2d 560, 573. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546. Because the question of sufficiency of the evidence presents a question of law, it does not allow the reviewing court to weigh the evidence. State v. Martin (1983), 20 Ohio App. 172, 175, 485 N.E.2d 717,720-721, citing Jackson, 443 U.S. at 319. The reviewing court will not disturb a verdict unless it determines that reasonable minds could not have reached the conclusion reached by the trier of fact. Jenks,61 Ohio St.3d at 273, 574 N.E.2d at 503.
Johnson contends that the State failed to prove the mens rea element of the murder offense. R.C. 2903.02(A) defines murder as purposely caus[ing] the death of another. A person acts purposely, as defined by R.C.2901.22(A), when it is his specific intention to cause a certain result * * *. Johnson argues that there was no evidence that he intended to kill Satchel because he testified that the gun accidentally discharged as he prepared to fire it into the air. Three eyewitnesses, however, — Jontony, Antos, and Lavoie — all testified that they saw Johnson raise the gun and point it at Satchel before he fired. They also testified that others in Johnson's group encouraged the shooting, and that Johnson told Satchel, Don't run from me, as he tried to escape.
Furthermore, the circumstances leading up to the shooting were sufficient to allow the jury to infer Johnson's purpose. Jenks, supra, paragraph one of the syllabus. The two prior confrontations were marked by threats of violence, and Johnson shot Satchel only after he and his cohorts had severely beaten him. Based on the threats and acts of violence leading up to the shooting, the jury could infer that Johnson purposely aimed the gun at Satchel's head and fired.
Johnson argues that the evidence of felonious assault was insufficient because he testified that Satchel was the aggressor, and that the blows he inflicted on Satchel prior to the shooting were in self-defense. Johnson, however, did not assert this affirmative defense at trial or request jury instructions on self-defense.
Self-defense does not negate the elements of felonious assault but is, instead, a justification defense that must be asserted at trial. Even had Johnson asserted self-defense, the testimony of Jontony, Antos, and Lavoie was sufficient to negate the claim because they all testified that Johnson initiated the beating at the park. Furthermore, the circumstances again do not support a claim of self-defense and the jury could have rejected any such defense based on the fact that Satchel was alone, while Johnson was accompanied by five or six others who aided him in the beating. All the witnesses, including Johnson, testified that Satchel was beaten well beyond the point of repelling any attack. We find that the jury had sufficient evidence to convict Johnson on both counts, and therefore reject the first assignment of error.
Johnson's second assignment of error states:
 II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Johnson here challenges the weight of the evidence against him, claiming that the eyewitness testimony was not credible because the three girls had a demonstrated bias against him. According to Johnson, he had broken off a personal relationship with Jontony, and she had accused him of stealing money. Antos testified that Johnson had stolen $10 from her, and that a male friend had helped her obtain its return from Johnson's mother.
Even though evidence is sufficient to sustain a conviction, a verdict may still be against the manifest weight of the evidence. Thompkins,78 Ohio St.3d at 387, 678 N.E.2d at 546. Unlike the sufficiency review, a court reviews the credibility of evidence when considering a manifest-weight argument, and sits as a thirteenth juror. Id. at 386-87,678 N.E.2d at 546-47. Under the manifest-weight test
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. [quoting State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-21].
Applying this test, we cannot say that the jury lost its way, or that the evidence weighs heavily against Johnson's conviction. Despite his claim that the gun fired accidentally, three eyewitnesses testified that he pointed the gun at Satchel before firing. With the exception of some details, the witnesses generally testified to the same sequence of events, which Johnson himself verified. The only material dispute was whether Johnson intended to fire the gun at Satchel. Despite any claimed bias, the jury was entitled to believe Jontony, Antos, and Lavoie, as the only contrary testimony came from Johnson himself. The three girls' alleged bias was no more damning than Johnson's evident self-interest. Moreover, the circumstances leading up to the killing are consistent with purposeful action. As Satchel ran from the beating, Johnson fired a bullet into his head from nearly one hundred feet away. The jury did not clearly lose its way in concluding that Satchel's death was no accident.
Similarly, even if Johnson had asserted a claim of self-defense, the jury's verdict on the felonious assault charge would not have been against the weight of the evidence. Johnson admitted that he and five or six others beat Satchel, and the evidence showed that the beating continued until Satchel was barely able to stagger away in an attempt to escape. While Johnson was the only one who testified that Satchel attacked him at Herman Park, the three eyewitnesses testified that Johnson, accompanied by his friends, approached Satchel at the park and began pistol-whipping and beating him, a beating which culminated in Satchel's death. We reject Johnson's second assignment of error.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. Appellant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; MICHAEL J. CORRIGAN, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.